UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY ERNEST RIVERS,

    Plaintiff,

v.                                      Case No: 6:14-cv-1429-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's attorney Richard A. Culbertson's Unopposed Second Request For Authorization To Charge A Reasonable Fee Pursuant To 42 U.S.C. §406(b) (Doc. 38). The motion follows the issuance of an Order and Judgment reversing the decision of Defendant the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. §405 (Docs. 26, 27). Mr. Culbertson previously petitioned the Court for authorization to charge his client a fee for federal court representation in the amount of $28,862.75 (Doc. 30). In prior my report (Doc. 32), I recommended that the motion be granted, in part, but that the amount awarded be reduced to $25,066.63, to reflect a calculation consistent with in the Eleventh Circuit's unpublished decision in <u>Paltan v. Comm'r of Soc. Sec</u>., 518 F. App'x 673 (11th Cir 2013). While that recommendation was pending, Mr. Culbertson filed an unopposed motion to stay, noting that the method of calculation used by the Court was under review in a consolidated appeal then pending before the Eleventh Circuit Court of Appeals (Doc. 33). I granted the stay (Doc. 34) and the District Judge ordered Plaintiff to file status reports (Doc. 35).

On June 26, 2017, the Eleventh Circuit issued a ruling affirming the district court's ruling in each of the four cases involved in the consolidated appeal. See Wood v. Comm'r of Soc. Sec., 861 F.3d 1197, 1203 (11th Cir. 2017). According to the June 28th status report, Plaintiff represented that a Petition for Writ of Certiorari "is being filed with the United States Supreme Court." (Doc. 36). Following this status report and anticipating continued delay for the proceedings to conclude, I vacated my prior Report and Recommendation, denied the motion for attorney fees, without prejudice, and directed the Clerk to close the case, granting Plaintiff's counsel "leave to file his renewed motion for § 406(b) fees within fourteen (14) days after the Supreme Court resolves Wood, either by denial of writ of certiorari or by a substantive decision." (Doc. 37). Although the docket in Wood does not reflect that the mandate has issued and shows no Petition for Writ of Certiorari, Plaintiff's attorney has filed the instant motion, which seeks permission to charge his client the same amount reflected in the now-vacated prior report. The motion is not opposed by the Commissioner (Doc. 38 at 3). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("the EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In <u>Dawson v. Finch</u>, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] <u>Dawson</u> applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. <u>Wood,</u> 861 F.3d at 1205-06; <u>see</u> <u>also</u> <u>Paltan v. Comm'r of Soc. Sec.</u>, 518 F. App'x. 673 (11th Cir. 2013); <u>Bookman v. Comm'r of Soc. Sec.</u>, 490 F. App'x 314 (11th Cir. 2012).[2]

As for the third avenue of attorney compensation, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA],

---

[1] See <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209-11 (11th Cir. 1981).
[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

The application of these provisions in this circuit means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See Wood, 861 F. 3d at 1206-07; Paltan, 518 F. App'x.at 674; Bookman, 490 F. App'x 314; Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.")

Moreover, the fee itself must be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are

large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

II. The Fee Calculation

Plaintiff received an award of past-due benefits in the amount of $139,451.00. Twenty-five percent of that award is $34,862.75. Counsel acknowledges that a fee in the amount of $3,796.12 was awarded under the EAJA, and the Commissioner has authorized a fee for work done at the administrative level (§406(a)) in the amount of $6,000.00 (Doc. 38 at 2). Mr. Culbertson calculates his fee as follows: 25% of the past-due benefits ($34,862.75), minus the EAJA award ($3,796.12), minus the amount of attorney fees paid at the administrative level pursuant to §406(a) ($6,000) equals $25,066.63. This is consistent with the statutory framework and authority discussed above. The Court proceeds to determine whether this amount is reasonable.

Considering the Gisbrecht factors, the Court does not find the fee of **$25,066.63**, while generous, to be so out of line as to constitute a windfall. Nor is there any indication that counsel was responsible for delay or any other factor which would serve to make the award unreasonable. As such, and absent any further objection from the Commissioner or Plaintiff, it is **respectfully recommended** that the motion be **granted,** and counsel be authorized to charge his client **$25,066.63**, consistent with the fee agreement and his representation that he has deducted the EAJA award from his request.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties